# EXHIBIT A

E-FILED
Howard Circuit Court
8/14/2018 10:10 AM

CONTINENTAL CASUALTY COMPANY \*  IN THE CIRCUIT COURT
 \*
  Plaintiff \*  FOR HOWARD COUNTY
 \*
  v. \*
 \*
ALLIED TRAILER SALES \*
AND RENTALS \*
9299 Washington Boulevard \*
Savage, MD 20763-0427 \*
 \*
  Defendant \* Case No.:  C-13-CV-18-000407
 \*
MCC MECHANICAL LLC \*
3001 17th Street \*
Metairie, LA 70002 \*
 \*
  Defendant \*
 \*
MANHATTAN CONSTRUCTION, \*
INCORPORATED \*
3520 Kraft Road \*
Naples, FL 34105 \*
 \*
  Defendant \*
 \*
OLD REPUBLIC GENERAL \*
INSURANCE CORPORATION \*
307 North Michigan Avenue \*
Chicago, IL 60601 \*
 \*
  Defendant \*
 \*
STARR INDEMNITY & LIABILITY \*
COMPANY \*
399 Park Avenue – 8th Floor \*
New York, NY 10022 \*
 \*
  Defendant \*
 \*

1

TRAVELERS PROPERTY CASUALTY     \*
COMPANY OF AMERICA     \*
One Tower Square     \*
Hartford, CT 06183     \*
     \*
Defendant     \*

## CONTINENTAL CASUALTY COMPANY'S
## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Continental Casualty Company ("Continental"), for its Complaint for Declaratory Judgment alleges on knowledge, information and belief as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1.    Continental files this action to obtain a judicial determination and declaration as to the parties' rights and obligations under certain insurance contracts and indemnity provisions.

2.    This is an action for declaratory relief pursuant to Section 3-406 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland for the purposes of determining the rights and obligations of the parties relative to certain insurance contracts and related agreements, including but not limited to the rights of Continental and its named insured, Allied Trailer Sales and Rentals ("Allied") pursuant to the umbrella liability policy number L 4030661010 that Continental issued to Allied for the policy period of June 1, 2011 to June 1, 2012 (the "Continental Umbrella Policy").  A true and correct copy of the Continental Umbrella Policy is attached hereto and incorporated herein as Exhibit 1.

3.    An actual and justiciable controversy has arisen and now exists relating to whether the Continental Umbrella Policy responds to a loss and a judgment that was entered against Allied in the underlying suit styled *Aldace Turner and Suzie Turner, As Husband and Wife v. Allied Trailer Sales and Rentals*, Cause No. 2013—CA—000448; in the Circuit Court, Fourth Judicial

District, in and for Nassau County, Florida (the "Underlying Suit"), and if so, the other insurers' respective rights, duties to and obligations under each insurer's respective policy.

4.      In particular, Continental seeks a declaratory judgment that Continental has no defense or indemnity obligation for any portion of a judgment entered against Allied in the Underlying Suit, because Continental was never notified of the claim until after a verdict was rendered in the Underlying Suit.

5.      Continental also seeks a declaration that any obligation Continental could have to Allied in relation to defense and indemnification for the claim and/or Underlying Suit at issue in the Underlying Suit is not triggered after the limits of all scheduled underlying insurance and unscheduled underlying insurance policy limits underlying the Continental Umbrella Policy are fully exhausted.

## JURISDICTION AND VENUE

6.      This is an action for Declaratory Judgment pursuant to the Maryland Uniform Declaratory Judgments Act.  *See* Section 3-406 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

7.      Jurisdiction and venue are proper as to all parties pursuant to Sections 6-103 and 6-201 of the Annotated Code of Maryland, because Allied's regular place of business is located in Howard County, and the Continental Umbrella Policy was issued to Allied in Howard County, Maryland.  All other parties also transact business in Maryland.

## PARTIES

8.      Plaintiff Continental Casualty Company ("Continental") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in

Chicago, Illinois.   Continental transacts insurance business in Maryland and within the geographical jurisdiction of this Court.

9.      Defendant Allied Trailer Sales and Rentals ("Allied") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Savage, Maryland 20763.  Allied regularly transacts its business in the geographical jurisdiction of this Court.

10.      Defendant Travelers Property Casualty Company of America ("Travelers") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut 06183.  Travelers regularly transacts business in the geographical jurisdiction of this Court.

11.      Defendant Old Republic General Insurance Corporation ("Old Republic") is a corporation organized and existing under the laws of Illinois, with its principal place of business in Chicago, Illinois.  Old Republic regularly transacts business in the geographical jurisdiction of this Court.

12.      Defendant Starr Indemnity & Liability Company ("Starr") is corporation organized and existing under the laws of the State of Texas, with its principal place of business located in New York, New York.  Starr regularly transacts business in the geographical jurisdiction of this Court.

13.      Manhattan Construction Incorporated ("Manhattan") is a corporation organized and existing under the law of the State of Florida, with its principal place of business located in Tampa, Florida.  Manhattan transacts business in the geographical jurisdiction of this Court.

14.     The MCC Group, LLC ("MCC") is a limited liability company organized and existing under the law of the State of Louisiana, with its principal place of business in Metairie, Louisiana.  It is believed that MCC transacts business in the geographical jurisdiction of this Court.

## THE UNDERLYING SUIT

15.     Plaintiffs, Aldace Turner and his wife, Suzie Turner ("Underlying Plaintiffs"), filed the Underlying Suit asserting that Allied was at all relevant times the owner of the trailer located at 39 Beach Lagoon Road, Amelia Island, Nassau County, Florida and that the trailer was intended to be used by the contractors (i.e. Manhattan and MCC), and subcontractors at the job site, where Aldace Turner was working.  Underlying Plaintiffs asserted that the trailer had been placed at the site by Allied for the use of the workers and management at the premises.  While Mr. Turner was attempting to go down the "stair system" on May 4, 2012, he fell and sustained back injuries when he slipped on trailer stairs.

16.     As a result of the incident described above, the Underlying Suit was filed in Nassau County, Florida.

17.     Mr. Turner was employed by Manhattan and operating in the course and scope of his employment for Manhattan at the time of the accident.  MCC was using the trailer and its "stair system" pursuant to a lease takeover agreement under which MCC had assumed the lease of the trailer that Allied originally leased to Manhattan.

18.     The original trailer lease agreement between Allied and Manhattan (the "Manhattan Lease") provides in relevant part as follows:

> Lessee [Manhattan] acknowledges its responsibility as bailee, and will hold Lessor [Allied] harmless from any and all fines, forfeitures and penalties arising out of any violation of law and Lesssor shall not be held liability for damages, inconvenience, or time lost by accident, breakdowns or malfunctioning of the Trailer.  Lessee further agrees to hold the Lessor harmless should damages occurred to any of the Lessee's personal property while carried in, or on, such Trailer including loss or

5

> damages caused by fire, water and theft.  Lessee further agrees to indemnify and hold harmless the Lessor's personal property while carried in, or on, such Trailer including loss or damages caused by fire, water and theft.  Lessee further agrees to indemnify and hold harmless the Lessor from and against any and all claims for loss of or damages to property or injury to persons (including death) resulting through the use, operation or possession of said Trailer.

Based on information and belief, the Manhattan Lease was fully executed on or about November 29, 2011.  A true and correct copy of the Manhattan Lease is attached hereto and incorporated herein as Exhibit 2.

19.     In or about August 2012, MCC executed the "Trailer Takeover Application" in which MCC as the "new lessee" agreed to "take over the lease contract," and acknowledge and agreed to the terms and conditions of the original Manhattan Lease (the "MCC Lease").  Like the original Manhattan Lease, the MCC Lease includes a hold harmless agreement that states:

> Lessee [Manhattan] acknowledges its responsibility as bailee, and will hold Lessor [Allied] harmless from any and all fines, forfeitures and penalties arising out of any violation of law and Lesssor shall not be held liability for damages, inconvenience, or time lost by accident, breakdowns or malfunctioning of the Trailer.  Lessee further agrees to hold the Lessor harmless should damages occurred to any of the Lessee's personal property while carried in, or on, such Trailer including loss or damages caused by fire, water and theft.  Lessee further agrees to indemnify and hold harmless the Lessor's personal property while carried in, or on, such Trailer including loss or damages caused by fire, water and theft.  Lessee further agrees to indemnify and hold harmless the Lessor from and against any and all claims for loss of or damages to property or injury to persons (including death) resulting through the use, operation or possession of said Trailer.

A true and correct copy of the MCC Lease is attached hereto and incorporated herein as Exhibit 3.

20.     Allied tendered its defense in the Underlying Suit to Manhattan pursuant to the Manhattan Lease.

21.     Manhattan tendered Allied's defense to its own primary commercial general liability insurer, Old Republic, pursuant to the primary commercial general liability policy number A-6CG-410411-09 that Old Republic issued to Manhattan (the "Manhattan Old Republic Primary Policy").

22.     Based on information and belief, Old Republic agreed to defend Allied in the Underlying Suit without condition or limitation, pursuant to the Manhattan Old Republic Primary Policy and in accordance with Manhattan's obligation under the Manhattan Lease.

23.     Manhattan and Old Republic then tendered Allied's defense  in the Underlying Lawsuit to MCC and MCC's primary commercial general liability insurer, Travelers, pursuant to the primary commercial general liability policy number VTC2J-CO-132J2124-TIL-12 (the "MCC Primary Travelers Policy").

24.     In response to MCC's tender of Allied's defense, Travelers agreed to defend Allied without condition or limitation, pursuant to the Travelers Policy and in accordance with MCC's obligation under the MCC Lease.

25.     Travelers, MCC, Old Republic, Manhattan, and Allied neglected to ever notify Continental of the claim or the Underlying Suit, even though the Continental Umbrella Policy's terms and conditions require in relevant part as follows:

*       *       *

**SECTION IV – CONDITIONS**

**2.     Duties of the Insured**

**b.**  In the Event of Claims or Suit
You shall provide us with written notice as soon as practicable whenever:
**(1)** A claim is made or "suit" is brought against you;
**(2)**  You receive notice that a right to bring claim or "suit" against you will be asserted; or
**(3)**  You obtain information that the obligation of "underlying insurers" to:
**(a)**  Investigate;
**(b)**  Defend;
**(c)**  Pay on behalf of; or
**(d)**  Indemnify
you has ceased.

7

Every demand, notice, summons, amended complaint or other process received by you or your representative shall be forwarded with each notice.

*        *        *

*See* Exhibit 1.

26.    On or about March 23, 2018, Continental first received notice of the claim, the Underlying Suit and the fact that a verdict of $3,855,755 had been awarded to the personal injury plaintiffs in the Underlying Suit.

27.    Although the accident that gave rise to the claim occurred on May 4, 2012, and the Underlying Suit was filed on July 31, 2013, Continental was completely unaware of the claim and/or the Underlying Suit until March 23, 2018 when Continental received notice from Allied's broker, once the verdict had already been awarded against Allied and in favor of Underlying Plaintiffs.

## INSURANCE POLICIES

28.    Travelers issued the MCC Primary Travelers Policy number VTC2JUB-2045P42-8-12 to MCC for the policy period of January 1, 2012 to January 1, 2013.  The MCC Primary Travelers Policy has a $1,000,000 per "occurrence" limit of liability and a $2,000,000 general aggregate limit of liability.  The Travelers Policy affords contractual liability coverage to its named insureds, as well as coverage to MCC's indemnitees.  A copy of the MCC Primary Travelers Policy is attached hereto and incorporated herein as Exhibit 4.

29.    Travelers also issued an excess liability policy number VTSMK-CUP-132J2148-IND-12 to MCC for the policy period of January 1, 2012 to January 1, 2013, which is excess to the MCC Primary Travelers Policy and is triggered by the exhaustion of the MCC Primary Travelers Policy liability limits (the "MCC Excess Travelers Policy").  A copy of the MCC Excess Travelers Policy is attached hereto and incorporated herein as Exhibit 5.

30.     Old Republic issued the Manhattan Old Republic Primary Policy numbered A6CG41041109 to Manhattan for the policy period, June 1, 2011 to June 1, 2012.  The Manhattan Old Republic Primary Policy has a $2,000,000 per "occurrence" limit of liability and a $4,000,000 general aggregate limit of liability.  The Old Republic Primary Policy affords contractual liability coverage to its named insureds, as well as coverage to Manhattan's indemnitees.  A copy of the Manhattan Old Republic Primary Policy is attached hereto and incorporated herein as Exhibit 6.

31.     Upon information and belief, Starr issued umbrella liability policy numbered SISCCCL01450611 to Manhattan for the policy period of June 1, 2011 to June 1, 2012.  The Manhattan Starr Umbrella has a $10,000,000 per occurrence limit of liability and a $10,000,000 general aggregate limit of liability.   The Manhattan Starr Umbrella Policy is excess to the Manhattan Old Republic Primary Policy.  In spite of Continental's requests, Continental has been unable to obtain a copy of the Manhattan Starr Umbrella Policy.  Continental bases its belief that the Manhattan Starr Umbrella Policy was issued on a certificate of insurance, which is attached hereto and incorporated herein as Exhibit 7.

32.     Travelers issued primary liability policy numbered P-630-4651M088-TCT-1 to Allied for the policy period of June 1, 2011 to June 1, 2012 (the "Allied Primary Travelers Policy").  The Allied Primary Travelers Policy has a $1,000,000 per occurrence limit of liability and a $2,000,000 general aggregate limit of liability.  A copy of the Allied Primary Travelers Policy is attached hereto as Exhibit 8.

33.     Based on information and belief, one Traveler claim professional handled the claim under the MCC Primary Travelers Policy, and another Travelers claim professional handled the claim under the Allied Primary Travelers Policy.

34.   Neither one of the Traveler's claim professionals bothered to notify Continental, the scheduled umbrella carrier above the Allied Primary Travelers Policy, of the claim and/or the Underlying Suit.

35.   On June 30, 2017, Suzie Turner submitted a Proposal of Settlement in the Underlying Suit in the amount of $100,000, which was within the liability limit of the MCC Primary Travelers Policy and/or the liability limit of the Allied Primary Travelers Policy.

36.   On June 30, 2017, Aldace Turner submitted a Proposal of Settlement in the Underlying Suit in the amount of $500,000, which was also within the liability limit of the MCC Primary Travelers Policy and/or the liability limit of the Allied Primary Travelers Policy.

37.   Travelers and Allied refused both of the Proposals of Settlement and proceeded to trial, which resulted in the verdict of $3,855,755 against Allied.

## COUNT I
## DECLARATORY JUDGMENT
### (Allied)

38.   Continental incorporates by reference each of the allegations contained in Paragraph Numbers 1 through 37, as if fully set forth herein.

39.   Among the Continental Umbrella Policy's condition precedents, Allied was required to provide Continental with written notice of the claim and the Underlying Suit as soon practicable.  The accident giving rise to the claim occurred on May 4, 2012.

40.   Allied never provided written notice of the claim to Continental.

41.   Continental first received notice of the claim and the Underlying Suit post-verdict, on March 23, 2018.

42.     Because Allied materially breached the notice provision in the Continental Umbrella Policy, Continental has no duty to defend and/or indemnify Allied in relation to the Underlying Suit.

WHEREFORE, Continental Casualty Company requests entry of a declaratory judgment in its favor finding and declaring:

i.      Allied breached the express conditions of the Continental Umbrella Policy;

ii.     Continental Casualty Company has no duty to defend and/or indemnify Allied pursuant to the Continental Umbrella Policy, because Allied breached the notice provision.

## COUNT II
## DECLARATORY JUDGMENT
### (All Defendants)

43.     Continental incorporates by reference each of the allegations contained in Paragraph Numbers 1 through 37, as if fully set forth herein.

44.     In the event that the Court finds that Allied did not breach the Continental Umbrella Policy's notice requirement, then Continental seeks a judicial declaration that any coverage under the Continental Umbrella Policy is not triggered until the liability limits of all of the policies issued by Travelers, Old Republic and Starr are fully exhausted.

45.     Travelers and Old Republic assumed the defense of Allied and neglected to notify Continental of the claim and/or the Underlying Suit.

46.     Travelers rejected to Proposals of Settlement that were within the policy limits of either Travelers primary policy.

WHEREFORE, Continental Casualty Company requests the entry of a declaratory judgment in its favor finding and declaring:

i.      Travelers and Old Republic assumed the defense of Allied in the Underlying Suit without any reservation.

ii.     Travelers and Old Republic are estopped from asserting any coverage defenses and/or to disclaim coverage to Allied at this late date.

iii.    Travelers and Old Republic have a continuing obligation to defend Allied and to indemnify Allied for the entire verdict amount in the Underlying Suit.

iv.     Any other relief that this court deems just and proper.

Respectfully submitted,


Dated: August 13, 2018                    _____/s/_____

Steven E. Leder
Leder & Hale, PC
401 Washington Avenue, Suite 600
Baltimore, Maryland 21204
Telephone:  443-279-7900
Leder@lederhale.com

*Counsel for Plaintiff*
*Continental Casualty Company*


## CERTIFICATE REGARDING RESTRICTED INFORMATION

I HEREBY CERTIFY that, in accordance with Md. Rule 20-201(h)(1), this submission does not contain any restricted information.



_____/s/_____

Steven E. Leder